**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30261 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00104-MRH |
| v. | MEMORANDUM[*] |
| SANTIAGO VALDEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Michael R. Hogan, District Judge, Presiding

Argued and Submitted May 11, 2011
Seattle, Washington

Before: GRABER and M. SMITH, Circuit Judges, and BENITEZ,[**] District Judge.

Santiago Valdez was convicted of failing to register as a sex offender in

violation of 18 U.S.C. § 2250, upon traveling from Indiana to Montana in June

2007. The Supreme Court has held that § 2250 does not apply to offenders whose

interstate travel occurred prior to the effective date of SORNA. *Carr v. United*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

*States*, ___ U.S. ___, 130 S. Ct. 2229, 2232–33 (2010). *United States v. Valverde*, 628 F.3d 1159, 1169 (9th Cir. 2010), held that SORNA's registration requirements became effective on August 1, 2008 for persons convicted of sex offenses prior to the statute's enactment. Valdez falls into this category because he was convicted of rape in Indiana in 1993.

Valdez's interstate travel as an unregistered sex offender took place in 2007. Because we are bound by our *Valverde* decision concluding that SORNA registration requirements were not in effect during 2007, we reverse his conviction. *Carr*, 130 S. Ct. at 2233.

**REVERSED AND REMANDED**.